Thank you. Good morning, Your Honors. Catherine Young from the Federal Public Defender's Office for Appellant Almendarez, and I would like to reserve two minutes of my time for the hearing, Your Honors. Watch the clock. I'd like to turn first of all to Mr. Almendarez's contention that his prior conviction under California Penal Code Section 69 did not constitute a crime of violence, and therefore since should not have been enhanced, as it was almost 22 months. California Penal Code Section 69 criminalizes every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer. By contrast, the federal law of crime of violence defines a crime of violence in two aspects. Number one is an offense that has in element the use, attempted use, or threatened use of physical force against the person or another of another, or number two, burglary of a dwelling, arson, extortion, involved use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. And we demonstrated in our briefs that California Penal Code Section 69 is not a crime of violence under the categorical approach. Under the categorical approach, the Court considers whether the full range of the State conduct falls within the scope of the Federal law. If the California offense encompasses a broader range of conduct than the generic offense under the Guidelines, then the conviction of the California offense cannot categorically constitute a crime of violence. In this case, the government has conceded, in another case, that California Penal Code Section 69 does not categorically qualify as a crime of violence. In the Fowles unpublished case cited in our papers, this Court also has held that California Penal Code Section 69 is broader than the crime of violence defined in Federal law, and therefore, it is not categorically a crime of violence. We've also committed in our papers that the modified categorical approach is inapplicable because the California Penal Code Section 69 is lacking an element of the Federal crime of violence. And when an element is lacking, the California, the modified categorical approach is inapplicable, as this Court held in the Garcia-Correas, because it said that California Penal Code 69 is not limited to the use or threat of force against a person or property or another, and is therefore not categorically a crime of violence under the Federal  Because it's not.  Penal Code Section 69 that you could not be convicted of under the Federal? Well, Your Honor, I think the cases tell us there are two ways in which California law is broader than the Federal law with respect to Penal Code Section 69. The first is that the first aspect offense prescribed in California Penal Code 69 is every person who attempts by means of any threat or violence. And the Garcia-Correas course tells us that this is not limited to the use or threat of force against a person or property, because it talks about any threat, not a threat of force or violence, which is what the Federal law requires. The second way in which the cases tell us that California Penal Code Section 69 is broader than the Federal law is that the second aspect of 69 criminalizes someone who knowingly resists by the use of force or violence. In the Fowles case, the defendant forcibly resisted officers. The Court held that the fact that he had forcibly resisted officers does not establish that he actively and intentionally directed physical force against the officers. In other words, this Court was drawing a distinction between forcibly resisting an officer and actively and intentionally directing force against an officer. And the facts of the Fowles case are somewhat similar and analogous to this case. And, Your Honor, you're saying that those – that kind of breadth involves an element? In other words, that there's an element of the Federal crime that is entirely missing from the State? The California law is broader in that in that in either – there's two aspects of California law and they're broader in different respects, but with respect to the forcibly resisting, this Court has held in an unpublished case that it doesn't – forcibly resisting is not the same as actively and intentionally directing force or violence against someone else. And that is what a crime of violence under Federal law requires. It could include it. It just doesn't necessarily. It could. That's correct, Your Honor. So I'm – with all of these cases, I sometimes find it difficult to draw the line between overbreadths that can be corrected by applying a modified categorical approach and the absence of an element which makes the modified categorical approach inappropriate. That's exactly the problem I was having, Your Honor, when I was trying to draw those decisions. Okay. But the – one of the cases that this Court has held is Garcia-Correa states that the California Penal Code 69 is not limited to the use of threat of force against a person or property or another and is therefore not categorical a crime of violence. And the Court then goes on to state because the State is missing this element of the generic offense, the modified categorical approach is inapplicable. So this Court in that case was saying that the fact that it's – that it's overbroad means that it's missing an element. And I was having – I was struggling with the same concept, Your Honor, as the Court was struggling. It's clearly overbroad. Does that mean it's missing an element? But in Garcia-Correa's, the Court says yes. The fact that it's overbroad means that in this part of the statute, it's missing a necessary element of the Federal crime of violence. And that element is use of force against the officer. Yeah, the active and intentional use of force. And the Fowles case is somewhat analogous – the facts of the Fowles case are somewhat analogous to our case, because in that case, the officers wanted to take Fowles in one direction and Fowles wanted to go in another direction. So he was kind of resisting forcibly, not going in the direction they wanted him to, but the Court says that's not a crime of violence because it's not the active and intentional use of force against an officer. Now, in this case, there were no judicially noticeable facts. All he did was plead no contest to the terms of the statute. But there is a dispute in the nonjudicially noticeable facts as to whether he actually directed force or whether he was, like in Fowles, simply resisting officers when they were attempting to handcuff him. So I think that our case is analogous to Fowles, which tells that it's not categorically a crime of violence, and therefore, because it's overbroad or missing an element, the modified categorical approach is inapplicable. Now, and then if the – even if the modified categorical approach were applicable, as our brief goes on to state, it can't apply here because there are no judicially noticeable facts. All the – both the information in the complaint allege the terms of the statute, and in the plea colloquy, the court – the prosecutor said, how do you plead to count two charging you with – I can't find my notes right now, but how do you plead to count two charging you, and he used a shorthand description of the statute, which, as our brief shows, is a shorthand term used in the Boston, the West, and the Deerings reporters, and the Senate responded no contest. So he's essentially responding no contest to the terms of the statute, which does not constitute any factual basis that would allow us to make a finding that the categorical approach or modified categorical approach is satisfied. And our brief cites many cases in which the Court says simply responding to the terms of a statute simply does not give you enough to draw a distinction with respect to the modified categorical approach. The government relies upon the residual clause. And in our brief, we establish how the residual clause simply is inapplicable to this case under the government's own authorities. Because there are two elements of Federal law. The first is clearly directed to crimes against persons. The element – it has as an element the use, attempted use, or threatened use of physical force against the person or another. The second element is clearly crimes against property which run the risk of inflicting physical injury against persons. And that's where the residual clause appears, in the crimes against property clause. And there's certainly no way in which resisting an officer can qualify as a crime against property. And relying upon the government's own authorities, the Supreme Court authorities, they're all clearly destroying the distinction between the first part of the Federal law, which talks about crimes against persons, and the second part of Federal law, which talks about crimes against property. Those cases, the Begay case and also the James case, the Supreme Court cases cited by the prosecution, all delve into the legislative history which establishes that the second aspect of the Federal law was intended to deal with crimes against property. And there's no way in which this particular offense can constitute a crime against property. And therefore, the residual clause, which is where the government places its reliance, can simply not apply to make California Penal Code section 969 a crime of violence. The case that you're relying on to say that violent resistance isn't good enough, it's got to be violence against the officer. Yeah. And actually, their terms are force or violence. So I think violence might be a problem. But the statute says force or violence, and the Fowles case talks about forcibly resisting. The reason I ask is that it is a plea colloquy. Yes. You know, by means of violence. Well, I understand that, Your Honor. But I think in our briefs we explain how that cannot be an election among theories. The government is saying that by using the term violence, the prosecutor was electing among theories. But the prosecutor is referring back to the information in the complaint which talk about the charge which lists the entirety of the statute. He was simply making a shorthand reference to the complaint and the information which talk about the entire statute rather than making an election. And as we've talked about in our briefs, that's the same shorthand that's used in the statute to describe that statute. And if Your Honors have no further questions, I'll reserve the remainder of my time for a vote. Oh, Kelsey, you've only got 13 seconds left. Oh, I'm sorry. I thought the clock had counted down for the two minutes. Thank you. We'll hear from the government. Good morning, Your Honors. Stephanie Christensen for the United States. Since defense counsel spends a majority of her time focusing on the crime of violence issue, that's where I'll start. I think that there's a lot of information here, and I think that the process we follow is important in reaching the right determination. And so I'd like to sort of unpack some of that information a bit, starting with California Penal Code Section 69 itself. Very important here is the fact that Penal Code Section 69 can be divided into two different crimes. And the government's brief describes in detail those crimes and how they apply under state law. And for shorthand, I'll break them down into actually resisting an officer and attempting to deter an officer. And the fact that that single statute can be broken into two different crimes is very important. It's important, first, because under Navarro-Lopez, the fact that Penal Code Section 69 can be broken down into two separate crimes means that there is not this prohibition on applying the modified categorical approach. I think that the second reason it's important is because as we apply Penal Code Section 69 to the definition of crime of violence under 4B1.2, it becomes clear that what we have here is a prong to residual clause issue. So what the government is arguing is that with respect to the otherwise clause, otherwise involves conduct that presents a serious potential risk of physical injury to another. The government's position is that actually resisting an officer, which does require force, it does require a threat of violence or force, that that manner of violating Penal Code 69 absolutely falls under the residual clause. The government also argues that the attempting to deter crime that is punishable under 69 also categorically qualifies as a crime of violence because, again, it otherwise involves conduct that presents a serious potential risk. Defense counsel has argued both in reply briefing here today that the residual clause doesn't apply at all in this case. And the argument there is that because of the listed crimes in 4B1.2, namely burglary of a dwelling, arson, extortion, or those that involve use of explosives, are those that relate to property. And I would argue that's absolutely not the case, first for three reasons. First of all, the defendant is pointing to legislative history that is legislative history of ACCA, the Armed Career Criminal Act, certainly not a legislative history of 4B1.2. Second of all, the basic premise of defense counsel's argument, which is this educum generis argument, was specifically rejected by the Supreme Court in James. What you have there in James is a defendant who is arguing that instead of property, that the listed crimes, in this case in ACCA, can all be summed up by crimes that were completed. So, in other words, not attempted crimes, but crimes that were completed. And the Supreme Court specifically rejects that. The Supreme Court says, you know, what categorizes these offenses, what groups these offenses together is not, in the case of James, completion, but those that create a significant risk of bodily injury or confrontation that might result in bodily injury. I also note that the Supreme Court's rulings in both Begay and Chambers stand directly contrary to defendant's position, that property crimes alone can qualify under the residual clause. I think that the Supreme Court took great measures in Begay to explain precisely why, in that case, New Mexico's DUI crime did not qualify as a violent felony. And the Supreme Court didn't say, look, a DUI doesn't qualify as a crime of violence because it's not a property crime. What the Supreme Court says is it doesn't qualify because it's not purposeful, violent, and aggressive conduct. And that's exactly what we have here. We have a crime that does in fact involve purposeful, violent, and aggressive conduct, as the government set forth in its brief. Well, in the no – he pleaded NOLO to count two of a State statutory violation. Now, pleading NOLO contendory doesn't establish any facts, really, that he just says he's not contending. Correct, Your Honor. The specific words of the plea do translate as such, but it's clear to defendant that his plea of NOLO will be treated the same by courts as a plea of guilt. It doesn't include the factual episode of him punching the officer in the chest. Correct, Your Honor. And that was in the pre-sentence report, but it isn't encompassed in the plea in the State court. Your Honor, I think that for purposes of determining under the modified categorical approach whether what defendant pled to is a crime of violence, I think it's incorporated in there in the following language. I think that, first of all, the court is correct, that there is not a specific factual basis on the record. All the court notes is – well, the prosecutor, I guess, in this case says, does counsel join and concur to stipulate to a factual basis. So it's clear that there is an agreed upon, but it is certainly unannounced in that colloquy. What the government has pointed to in this brief is that what the prosecutor is asking this defendant with regard to the specific charge is the following. Had you plead to the crime of resisting an executive officer by means of violence? So the government's position is that with regard – while the charging instrument does, in fact, lay out the two separate ways of violating Penal Code 69, at the time of the plea colloquy, the prosecutor is electing only the first way, which is the actually resisting by violence prong, and that under the modified categorical approach, it does meet prong one, namely that there's an element of the use, or threatened use, of physical force or violence. I'd like to turn to the Foles case, which is a case heavily relied upon by defendant. Foles, as the Court is aware, is an unpublished memorandum disposition, and defense counsel relies on it mostly for the proposition that the government has conceded that a violation of Penal Code 69 cannot meet the categorical definition of force in 4B1.2. I think it is inaccurate to see it as such. I think it requires a delving into the actual brief filed by the government and a look at the point in time when Foles falls. I think it can be distinguished for three reasons. First of all, the government is conceding the categorical application only with regard to the first prong of 4B1.2. Neither the government's brief nor the memorandum disposition talks of the residual clause. So for that reason alone, it's certainly not binding on this panel with regard to the application of the otherwise or the residual clause. I think second, Foles predates the Supreme Court's precedence in the area of the residual clause. It predates James, it predates Begay, and it predates the Supreme Court's precedence in interpreting the residual clause and laying a path for the argument that the government is making today. So again, Foles certainly doesn't address any of those cases. And lastly, Foles itself fails to examine these two separate ways of violating California law, namely actually resisting an officer by threatening that officer. And I think for those reasons, Foles just simply is inapplicable here. Lastly, I would just like to address the specifics of Penal Code 69 with regard to, again, the actual resisting or attempting to deter. The government cited numerous cases of California law, and I do think that it's important to look at that because the California case law makes very clear exactly what's required in order to violate that statute. And in case after case, the California court is saying with regard to the actual resisting prong, you have a defendant who is undergoing violent conduct against another. And I think it's important to contrast Penal Code 69 with the lesser included offense of Penal Code Section 148, which is simply resisting an executive officer. So while Penal Code 69 requires resisting an executive officer, it does not require any kind of violence. That's certainly not present in the lesser included offense, which is why the government argues that. But your argument that it's inherently equivalent to the Federal generic crime, or are you saying that the existence of force puts it into the residuary clause? It is both, Your Honor, and it depends on the specific manner of violating it. With regard to the actually resisting prong of Penal Code Section 69, it's the government's position that under the modified categorical approach here, namely that the prosecutor chose to elect the actually resisting prong, it certainly does meet prong 104B1.2. And the reason why is because it requires actual force in order to violate the actually resisting prong of Section 69. If I understood part of the argument of your opponent, it's that you can forcibly resist. Let's say the officer wants to arrest you and you shut a door and he's trying to get it open and you hold the door shut. You're not applying force against the officer, but you are forcibly resisting. Correct, Your Honor. What the statute says is, with regard to that prong, is who knowingly resists by use of force or violence. Right. So that would be the State law and you'd be guilty if you did what I just Yes, you would, Your Honor, because, again, the residual clause of 4B1.2. Okay. Well, that's my question. Do you have to rely on the residual clause to get there? Well, Your Honor, I think under the analysis set forth in Taylor, the Court must first go through the categorical approach, and the government's position is that as a whole, both ways of violating Section 69 qualify under the categorical approach as otherwise involves conduct that presents a serious potential risk. So, again, under the categorical approach, it would apply under the residual clause, and also under the modified categorical approach, it would apply with regard to the actually resisting manner of violating Section 69. Thank you, counsel. Your time has expired. You have a few seconds, counsel. Thank you, Your Honors. I will be very brief. I think most of the points made by the prosecutor have already been addressed in my briefs. The one thing I wanted to focus on is her statement that the Supreme Court cases she cited in her briefs do not draw a distinction between crimes against the person and crimes against property under the Federal law of crime of violence. And specifically, she was referring to the decision in Begay regarding a DUI offense. But the Begay court says we find that the DUI falls outside the scope of Clause 2, which is the clause in which the residual clause applies. It is simply too unlike the provisions listed examples, which are property crimes, for us to believe that Congress intended the provision to cover it. And I think both Begay and James, as our briefs exemplify, discuss the legislative history. They draw a distinction between crimes of violence and crimes against the person and crimes against the property. And that's the residual clause does not apply here. Thank you. All right. Thank you, counsel. The case just argued will be submitted for decision. And the court will argue it in Lopez v. Yarbrough.
judges: Goodwin, Canby, O'Scannlain